UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HOWARD A. BENEDICT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL ASTRUE, Commissioner of Social Security Administration,<br><br>　　　　Defendant. | CASE NO.　C06-5681JKA<br><br>ORDER REMANDING ADMINISTRATIVE DECISION |

　　　　Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying his application for disability insurance benefits.  This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

　　　　Plaintiff, Howard Benedict, is currently 45 years old, and he has Klinefelter's Syndrome.  This chromosomal abnormality retards secondary sexual characteristics, and it has significantly psychologically affected Plaintiff.  The ALJ in the matter found that Mr. Benedict has a "major depressive disorder" as well as a personality disorder, which have caused Plaintiff to suffer from memory, adjustment and attitude difficulties.  Nonetheless, the ALJ concluded Mr. Benedict was not entitled to social security benefits because he found Mr. Benedict retained the ability to make a successful adjustment to other work (i.e., a small product assembler, housekeeper, or janitor) that exists in the national economy.

　　　　Plaintiff alleges the following errors made by the ALJ:

　　　　1. Did the ALJ improperly reject the claimant's anxiety disorder as frivolous at step two of the sequential evaluation?

　　　　2. Did the ALJ improperly reject the opinions of several of the claimant's treating,

examining, and reviewing doctors?

3. Did the ALJ err in improperly rejecting the testimony of the claimant and the personal observations of his mother?

4. Did the ALJ err in failing to meet his burden at step five?

5. Did the ALJ err in improperly raising and evaluating the issue of noncompliance with medication?

## *STANDARD OF REVIEW*

Judicial review of a social security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The jurisdiction of this court on review is not to reweigh the evidence before the ALJ or to substitute its own judgment for that of defendant. Hall v. Secretary of Health, Education, and Welfare, 602 F.2d 1372, 1374 (9th Cir.1979). The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. 42 U.S.C. § 405(g); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999); Morgan v. Commissioner of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999); Sandgathe v. Chater, 108 F.3d 978, 979 (9th Cir.1997); Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir.1993). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989); Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

## *DISCUSSION*

After reviewing the ALJ's decision, along with the administrative record, the undersigned finds the ALJ failed to provide legitimate reasons for discounting Plaintiff's limitations and impairments. More specifically, when evaluating Plaintiff's residual functional capacity the ALJ did not give any credit to Plaintiff's claim that his medications caused significant side effects. The ALJ wrote:

> The claimant alleges that he has been unable to work for three years due to the impairments noted above. Seven different opinions are offered in his case by professionals

> ranging from his current counselor (who is not a medical source) to his psychiatrist. A thorough reading of his file discloses that his depressive symptoms wax and wane, dependent on his compliance with antidepressant mediation and hormone therapy. The claimant gave several explanations as to why he is not medication compliant, stating alternately that he "doesn't like the side effects", to stating that he "can't afford" medications, he "doesn't like" the medications, finally stating that he "didn't feel they were helping" him. **His records do not reflect complaints about medication side effects**. In fact his treating sources, Dr. Ferber and Jessel, both noted that antidepressant medications were very helpful and caused his depression to go into remission.

(Tr. 18)(emphasis added).

The ALJ's statement that the record does not reflect complaints about Plaintiff's medication side effects is not substantiated. The record does support Plaintiff's complaints about side effects caused by his antidepressant medication. As stated in Plaintiff's Opening Brief, "Mr. Benedict was treated by Dr. Ferber from February 2002 to December 2004. (Tr. 252-87). Dr. Ferber treated Mr. Benedict with Prozac which had good results until Mr. Benedict had to discontinue it due to side effects – particularly diarrhea. (Tr. 252-87, 261)" Plaintiff's Opening Brief at 3.

The record indicates that on August 27, 2004, Dr. Ferber noted that Mr. Benedict discontinued Prozac because of diarrhea and explained that this "has been a problem when he has taken SSRI's." (Tr. 261). On December 3, 2004, Dr. Ferber further noted that when "Howard attempted to begin treatment with Effexor XR in October, he developed constipation, urinary retention and abdominal pain…. Because of this, Howard discontinued his Effexor XR." (Tr. 258). Despite these notations by Dr Ferber, one of the two treating physicians specifically referenced by the ALJ, Plaintiff's limitations were discounted by the ALJ. This was a critical error on the ALJ's part because his entire analysis of the case rested on the premise that Mr. Benedict was capable of working as long as he was taking his medication. (Tr. 18-20). Accordingly, the matter must be remanded to the administration for further consideration. <u>On remand the administration should assign the matter to another ALJ</u>.

## *CONCLUSION*

After reviewing the record the court REMANDS the matter to the Social Security Administration for further review consistent with the terms of this order.

The clerk is directed to send copies of this Order to counsel of record.

DATED this 9th day of August, 2007.

*/s/ J .Kelley Arnold*

ORDER
Page - 3

J. Kelley Arnold
U.S. Magistrate Judge

ORDER
Page - 4